# **EXHIBIT C**

**Serrin Turner**
Direct Dial: (212) 906-1330
Serrin.Turner@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

# LATHAM&WATKINS LLP

July 23, 2024

**VIA EMAIL**

Krista Peach
American Arbitration Association
KristaPeach@adr.org

Re: Individual Claimants v. Whaleco, Inc. - Case 01-24-0003-3726
Joint Statement of Issues – July 26, 2024 Conference

Ms. Peach:

We represent the Respondent, Whaleco Inc. d/b/a Temu ("Temu"), in the above-captioned matter. We write jointly with Claimants pursuant to Process Arbitrator Welch's request for a statement of the issues to be resolved by the Process Arbitrator in connection with our July 26, 2024 conference. Please find below a description of the disputes the parties request the Process Arbitrator to resolve.

1. AAA's Authority to Resolve Instant Dispute. The parties dispute whether Claimants need to satisfy, or have already satisfied, the informal dispute resolution conference ("IDR Conference") provision in Temu's Terms of Use, as a precondition to filing their arbitration demands with the AAA. However, the Process Arbitrator is requested to resolve an antecedent issue: whether the arbitrator has jurisdiction to resolve this dispute, or whether Temu's Terms of Use require that dispute be resolved in court before proceeding in arbitration. The relevant provisions of the Terms are in Section 19.2 and 19.7, as detailed in the parties' prior submissions to the AAA.

Respondent's position is that, because there is a dispute over whether Claimants have satisfied a condition precedent to arbitration, any arbitration demand is unripe and the present dispute between the parties must be heard in court. Claimants' position is that the IDR Conference requirement is unenforceable, and that the arbitrator has jurisdiction to resolve any questions about enforceability.

2. Process Arbitrator's Authority to Resolve Dispute Regarding Enforceability of Condition Precedent. In the event that the Process Arbitrator agrees with Claimants that the AAA has authority to resolve the present dispute between the parties, the parties also disagree whether it can be resolved by a Process Arbitrator, or whether a Merits Arbitrator has exclusive authority to do so.

LATHAM&WATKINS LLP

Sincerely,

*/s/ Serrin Turner*
of LATHAM & WATKINS LLP

cc: Michael Kind, Esq.