LATHAM&WATKINS LLP

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

November 11, 2025

**VIA ECF**

Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

>Re: Notice of Supplemental Authority
>*McMahan et al. v. Whaleco Inc. d/b/a Temu*, No. 25-cv-01590-MKB-RML (E.D.N.Y.)

Dear Chief Judge Brodie:

We write on behalf of Defendant Whaleco Inc. d/b/a Temu in the above-captioned action, to apprise the Court of recent supplemental authority supporting Defendant's Motion to Dismiss. *See* ECF No. 15. On October 28, 2025, the Honorable Jeannette A. Vargas from the United States District Court for the Southern District of New York issued an opinion in the case *Whalen et al. v. NBA Properties, Inc*, No. 25-cv-06125 (JAV), 2025 WL 3013144 (S.D.N.Y. Oct. 28, 2025). The *Whalen* opinion, attached hereto as Exhibit A, rejects an argument that Petitioners advance here— namely, that an informal dispute resolution precondition to arbitration is unconscionable.

The *Whalen* court addressed a "Mandatory Pre-Dispute Resolution Process" in the defendant's Terms of Use that "requires that the party seeking to initiate an action … first email a signed notice of dispute to the other party providing basic information about [the] claim" and then "appear at a telephonic or video conference if requested by the other party." *Id.* at *2. Judge Vargas held that "the Pre-Dispute Process is not substantively unconscionable" because it "applies to both parties" and "Plaintiffs will face no prejudice complying," particularly given that the Terms require the process to be completed within 60 days, so any delay would only be "slight." *Id.* at *3-4. The court also rejected the argument that the process is unconscionable because it allegedly gives the defendant "a 'free peek' at Plaintiffs' claims," noting that "the minimal burdens imposed by the Pre-Dispute Process are a far cry from the type of provisions that California law recognizes as 'shock[ing] the conscience.'" *Id.*; *see also id.* (reaching same conclusion under New York law and citing cases demonstrating that "courts in this District have dismissed cases for failure to comply with a contractual condition precedent where a contract called for the completion of a dispute resolution process before initiating an action in the courts").

We thank the Court for its consideration of this supplemental authority in support of Defendant's Motion to Dismiss.

Respectfully submitted,

*/s/ Serrin Turner*

Serrin Turner
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)