

5071 North Rainbow Boulevard, Unit 110
Las Vegas, Nevada 89130
P: (702) 337-2322 | T: (844) 399-KIND (5463)
https://kindlaw.com

November 18, 2025

**Via ECF**
Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Petitioners' Notice of Supplemental Authority
                  *McMahan et al. v. Whaleco Inc. dba Temu*, No. 25-cv-01590-MKB-RML (E.D.N.Y.)

Dear Chief Judge Brodie:

Petitioners write in response to Respondent's November 11, 2025, Notice of Supplemental Authority (Doc. 21) and to submit additional authority in support of their Petition to Compel Arbitration (Doc. 1) and Opposition to Respondent's Motion to Dismiss (Doc. 16).

Respondent's assertion that the supplemental case they submit, *Whalen et al v. NBA Properties, Inc.*, "rejects an argument that Petitioners advance here—namely, that an informal dispute resolution precondition to arbitration is unconscionable" is incorrect. The plaintiffs in *Whalen* never faced any practical barrier to initiating arbitration; they challenged the pre-dispute procedures in the abstract to avoid arbitration, and Judge Vargas found them facially even-handed and unlikely to cause delay. Petitioners, by contrast, are trying to arbitrate. They submitted their Notices of Dispute and engaged in the conferences in good faith. Temu, however, refused to meaningfully engage, offered no preview of its defenses, and instead used the process to gather information and issue threats. Petitioners attempted to have merits arbitrators resolve any disputes but Temu stalled any arbitrations from moving forward. Temu's conduct confirms these "conferences" function as a roadblock designed to delay and prevent claimants from bringing their claims.

And unlike here, the terms in *Whalen* did not include any carve-out withholding disputes over the conference requirement from arbitration. That carve-out significantly exacerbates the unconscionability of Temu's conference requirement by adding yet another roadblock that Temu can unilaterally trigger simply by asserting—based on no objective criteria—that the conference requirement was not satisfied. *Whalen* is also inapplicable because it involved only two named plaintiffs, making delay concerns minimal.

Directly relevant, however, is the recently decided *Rios v. HRB Digit. LLC*, No. 25-cv-03530-EMC, 2025 U.S. Dist. LEXIS 213961, at *38 (N.D. Cal. Oct. 27, 2025) ("Provisions that

impose forfeiture risks through delays or technical hurdles may be substantively unconscionable.") (attached as Exhibit A). The arbitration provision in *Rios* closely mirrors Temu's. It required a pre-dispute Notice of Dispute, mandatory conferences, and batching of claims. Like here, the 2,481 claimants in *Rios* faced significant obstacles to initiating arbitration and "explained that despite retaining counsel and attempting to initiate arbitration, their claims have not advanced and they are concerned about delays." *Id.* at *37.

*Rios* illustrates that an arbitration provision is unconscionable when it introduces uncertainty and likely delays through a myriad of pre-arbitration dispute resolution procedures and the apparent ability of the company to unilaterally challenge compliance with such procedures. The *Rios* claimants submitted their Notices of Dispute but H&R Block asserted those Notices were "improper and ineffective." *Id.* at *10. Judge Chen found that the "arbitration scheme, which can delay the filing of claims for years and which conditions tolling on HRB's approval of Notices" was unconscionable. *Id.* at *39 ("The combination of protracted delays and uncertain tolling creates precisely the 'harsh' or 'one-sided' outcome that courts seek to prevent."). Temu's pre-dispute provisions, including the conference requirement and the carve-out, are structured to allow even greater manipulation to stall or block claims than the scheme found unconscionable in *Rios*.

                        Respectfully submitted,

                        */s/ Michael Kind*
                        Michael Kind
                        Kind Law

cc: all Counsel of Record (via ECF)